# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**KENNETH HUGH KNIGHT, #158069**　　　　　　　　　　　　　　　**PETITIONER**

**VERSUS**　　　　　　　　　　　　　　　　　　　　**NO. 1:12cv354-LG-JMR**

**CHARLES FAULK**　　　　　　　　　　　　　　　　　　　　　　**RESPONDENT**

## REPORT AND RECOMMENDATION

This matter is before the Court on Kenneth Hugh Knight's [Knight] Petition [1] for Writ of *Habeas Corpus*. The Respondent has filed a Motion to Dismiss [6] for Failure to Exhaust State Court remedies. This Court recommends that the Motion to Dismiss [6] should be granted and that the Petition for Writ of *Habeas Corpus* [1] should be denied, for the reasons that follow.

## STATEMENT OF THE CASE

Knight filed his petition for Writ of *Habeas Corpus* on November 13, 2012, in which he contends that he received ineffective assistance of counsel because his attorney allegedly did not conduct an adequate investigation into the issuance of a search warrant; failed to file a motion to suppress the evidence found in the search; and failed to provide an adequate defense during trial. [1, p. 2.] He also contends that the trial court erred when it denied his motion to set aside the jury verdict and did not grant his motion for a directed verdict. (*Id.*)

Knight asserts the following grounds for relief in his petition:

FIRST: Whether Defense counsel rendered ineffective assistance of counsel by not investigating the credibility of the informant.

SECOND: Failure to file a pretrial suppression motion which would have fleshed out the deficiencies of the warrant due to lack of probable cause, and would have provided testimony from witnesses for impeachment purposes during trial.

THIRD: Failure to provide an adequate defense during trial because defense counsel stipulated to the warrant which "effectively stated that the evidence was credible and legally discovered."

> FOURTH: Trial court erred in denying motion to set aside the verdict for insufficiency of the evidence.

[1, pp. 5-11.]

The respondent asserts that Knight failed to exhaust in that he did not raise his claim of ineffective assistance of counsel in a motion for post-conviction relief [PCR]. [6, p. 3.] The respondent contends that the petition should not be stayed in anticipation of exhaustion of state remedies. [6, p. 5.] Instead according to the respondent, the petition should be dismissed for failure seek review of the Mississippi Supreme Court's decision in state court. [6, p. 5.]

## ANALYSIS

Before a federal court may grant *habeas* relief to a state prisoner, the prisoner must exhaust his remedies in state court. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). "Appellants seeking federal *habeas* relief under §2254 are required to exhaust all claims in state court prior to requesting federal collateral relief." *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). To satisfy the exhaustion requirement, a federal *habeas* applicant must generally present his claims to the state's highest court in a procedurally proper manner, and provide the high state court with a fair opportunity to pass on the claims. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997), *cert. denied* 523 U.S. 1139 (1998). Only after the Mississippi Supreme Court has been provided with a fair opportunity to review petitioner's claims in a procedurally proper manner can he be said to have satisfied the exhaustion requirement. *Smith v. Dretke*, 422 F.3d 269, 276 (5th Cir. 2005). "The exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment. *Duncan v. Walker,* 533 U.S. 167, 178–9 (2001). Failure to meet the exhaustion

requirement requires the dismissal of the *habeas corpus* petition without prejudice. *O'Sullivan v. Boerckel,* 526 U.S. 838 (1999).

Under Mississippi law, a petitioner may file a motion for PCR in the trial court within three (3) years after the time in which the petitioner's direct appeal is ruled upon by the Supreme Court of Mississippi, and after the Supreme Court of Mississippi has granted leave for filing such a motion in the trial court. MISS. CODE ANN. § 99-39-5(2) and § 99-39-7. Knight's appeal to the Mississippi Supreme Court was denied on September 8, 2011, with rehearing denied on November 10, 2011. *Knight v. State*, 72 So.3d 1056 (Miss. 2011). No further action was taken by Knight for post-conviction relief.

A petitioner seeking *federal* habeas relief must file his federal petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). However, the one-year statute of limitations is subject to tolling for the period when a properly filed motion for post conviction relief is pending in state court. 28 U.S.C. § 2244(d)(2). Knight has not presented the court with evidence that a motion for PCR was filed in state court, in spite of being alerted to the need for such a motion by the respondent's motion to dismiss, filed soon after the *habeas* petition was filed. [1, 6.]

Knight's claims, therefore, are not exhausted because he never presented them to the state court. *See Duncan,* 533 U.S. at 181-2. Additionally, as the time for exhausting his claim has passed, Knight no longer has the ability to exhaust his claim. Petitioner's failure to timely seek a PCR claim results in a procedural default of his federal *habeas* claim and a bar to its review by this court. *See O'Sullivan,* 526 U.S. at 848 (holding that failure to present claim to state's highest

court in timely manner results in procedural default of those claims); *see also Jones v. Jones,* 163 F.3d 285, 296 (5th Cir. 1998) (quoting *Magouirk v. Phillips,* 144 F.3d 348, 358 (5th Cir. 1998)) (stating that when federal *habeas* claims "are 'technically' exhausted because, and only because, [petitioner] allowed his state law remedies to lapse without presenting his claims to the state courts . . . there is no substantial difference between nonexhaustion and procedural default"); *Sones v. Hargett,* 61 F.3d 410, 416 (5th Cir. 1995) (stating that "[w]hen . . . state remedies are rendered unavailable by the petitioner's own procedural default, federal courts are barred from reviewing those claims").

When a *habeas* claim is procedurally barred as in this case, it may be considered on the merits by a federal court only if Knight is entitled to statutory or equitable tolling. Knight did not file a motion for PCR within the federal habeas deadline, so the statutory time limit was not tolled. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000), *cert. denied* 532 U.S. 963 (2001). To be eligible for equitable tolling, Knight must have been actively misled by the defendant about his cause of action or was prevented in some extraordinary way from asserting his rights. *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999), *cert. denied* 529 U.S. 1099 (2000). Excusable neglect is not enough to allow equitable tolling. *Ott*, 192 F.3 at 514. Knight presents nothing in response to the motion to dismiss to allow the Court to establish that equitable tolling is appropriate in this case.

Based on the foregoing analysis, the Court finds that Knight failed to present his claims to the state courts, that his claims would be barred under Mississippi law, and that he does not qualify for the equitable exceptions carved out in § 2254(b). The Court recommends that the Motion to Dismiss [6] should be granted and that Knight's Petition [1] for Writ of *Habeas*

*Corpus* should be dismissed, with prejudice, for failure to exhaust.

**CONCLUSION**

For the reasons discussed above, this Court recommends that the Motion to Dismiss [6] for Failure to Exhaust should be granted and that Knight's Petition [1] for Writ of *Habeas Corpus* be dismissed without prejudice for failure to exhaust. In accordance with Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, or by no later than May 23, 2013, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the district Court. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428–9 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days). A copy of this R&R was sent to Knight at his last known address by certified mail, return receipt requested.

This the ___th day of May, 2013.

                                                   *s/ John M. Roper, Sr.*
                                        CHIEF UNITED STATES MAGISTRATE JUDGE