IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**KENNETH HUGH KNIGHT, #158069**                                   **PETITIONER**

**VERSUS**                                         **CIVIL ACTION NO. 1:12cv354-LG-JMR**

**CHARLES FAULK**                                                   **RESPONDENT**

### MEMORANDUM OPINION AND ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATIONS

This matter is before the Court on Kenneth Knight's Objections [9] to the Report and Recommendations [7] of Chief United States Magistrate Judge John M. Roper, filed in this cause on May 9, 2013.  The Court has thoroughly reviewed the findings in the Report and Recommendations [7], the record, the position of the Petitioner advanced in his Objections [9], and the relevant law, and concludes that  Petitioner's Objections [9] should be overruled, and that his Petition for Writ of Habeas Corpus [1] should be denied and Respondent's Motion to Dismiss [6] granted.

### I. FACTS AND PROCEDURAL HISTORY

On April 23, 2010, Kenneth Hugh Knight ["Petitioner"] was charged with Possession of a Controlled Substance with Intent to Distribute, While in Possession of a Firearm.  On April 23, 2010, he was sentenced to serve thirty (30) years in the custody of the Mississippi Department of Corrections.  Petitioner appealed his conviction and sentence to the Mississippi Supreme Court, and, on September 8, 2011, the Court affirmed the judgment of the Circuit Court.  *Knight v. State*, 72 So.3d 1056 (Miss. 2011), *reh'g denied*, Nov. 10, 2011 (Case No. 2010-KA-00770-SCT).  In his appeal, Petitioner raised claims of ineffective assistance of counsel and challenged the weight and sufficiency of the evidence.  The Mississippi Supreme Court held "We dismiss Knight's ineffective assistance of counsel claim without prejudice so that he may raise

his claim properly in a filed motion for post-conviction relief, if he so chooses." *Id.* At 1062. Petitioner has yet to file a state court motion for post-conviction relief.

Petitioner filed the instant Petition for Writ of Habeas Corpus [1] on November 13, 2012. The Magistrate Judge recommended that Petitioner's habeas corpus Petition [1] be dismissed for failure to exhaust State Court remedies. Based on its review, the Court finds that the Magistrate Judge's Report and Recommendations [7] correctly applied the governing legal standards. As discussed in more detail below, the Court will therefore adopt the Magistrate Judge's Report and Recommendations [7]. Petitioner's Objections [9] will be overruled and his Petition for Writ of Habeas Corpus [1] will be denied.

## II. DISCUSSION

Because Petitioner has filed written Objections [9] to the Magistrate Judge's Report and Recommendations [7], the Court applies a *de novo* standard of review. 28 U.S.C. § 636(b)(1); *see* Rule 8(b) of RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS. The instant Petition [1] is governed by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat 1214 (1996) ["AEDPA"]. *Green v. Johnson*, 116 F.3d 1115, 1119-20 (5th Cir. 1997). The authority of this Court to issue habeas corpus relief for persons in custody of the state is conferred by 28 U.S.C. § 2254, which provides, in pertinent part, as follows:

> (d) [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State Court shall not be granted with respect to any claim that was adjudicated on the merits in State Court proceedings unless that adjudication of the claim
>
> > (1) resulted in a decision that was contrary to, or an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

>     (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d).

When a party objects to a Report and Recommendation this Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). *See also Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a de novo review by an Article III Judge as to those issues to which an objection is made.") Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993), nor need it consider objections that are frivolous, conclusive or general in nature. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1997). No factual objection is raised when a petitioner merely re-urges arguments contained in the original petition. *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

## DISCUSSION

In his objection, Petitioner concedes that his claims are no exhausted. In addition, Petitioner states that he is working on his Post Conviction Relief in state court, but he has yet to file any paperwork. Such a failure to exhaust available state court remedies warrants dismissal of the instant federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1) and (c),*supra; O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728 (1999).

### III. CONCLUSION

After thoroughly reviewing the record and the findings in the Report and Recommendations [7], in addition to the positions advanced in Petitioner's Objections [9], and for the reasons stated herein, the Court finds that the Petitioner's Objections [9] should be overruled, and that the Magistrate's Report and Recommendations [7] entered on May 9, 2013, should be adopted as the findings of the Court.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Report and Recommendations [7] of Magistrate Judge John M. Roper entered on May 9, 2013, are hereby **ADOPTED** as the opinion of this Court and Defendant's Motion to Dismiss [6] is **GRANTED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that Petitioner's 28 U.S.C. § 2254 habeas corpus petition is **DISMISSED** for failure to exhaust.

**SO ORDERED AND ADJUDGED** this the 17th day of September, 2013.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE